## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ALLAN D. SCHUBERT,                    )
                                      )
    Plaintiff,   )
                                      )
  v.                        )   Civil Action No.  24-3474 (UNA)
                                      )
                                      )
UNITED STATES OF AMERICA,             )
                                      )
    Defendant.   )

### MEMORANDUM OPINION

  This action brought *pro se* is before the Court on review of Plaintiff's complaint and application to proceed *in forma pauperis*.  For the following reasons, the Court grants the application and dismisses the complaint under 28 U.S.C. § 1915A for failure to state a claim.

  Plaintiff, a federal prisoner, challenges his 15-year sentence imposed by the U.S. District Court for the Western District of Oklahoma "for violation of 18 U.S.C. § 922(g)(1) Possession of Firearm after Felony Convictions."  Compl. at 3.  Allegedly, on January 6, 2016, the United States "filed an indictment against Plaintiff for violation of § 922(g)(1) while the State of Oklahoma was still prosecuting him for state charges."  *Id*. at 4.  On January 19, 2016, the United States "secured custody" of Plaintiff, prompting Oklahoma in February 2016 to dismiss the state charges "because of" the pending federal charges.  *Id*.  "In June/July 2016," Plaintiff was sentenced for the federal conviction.  *Id*. at 3.

  Plaintiff contends that his federal sentence "was enhanced beyond the statutory maximum," resulting in his receiving "15 years for a crime that does not require an injured party."  *Id*.  Plaintiff wants this Court to find, among other things, that § 922(g)(1) (1) "was passed in excess of Congress' authority to regulate commerce," (2) "violates Article III standing, in that it does not

require an injured party," and (3) "gives the U.S. a general police power." *Id*. at 4.   Presumably, Plaintiff may seek redress for those claims in the sentencing court under 28 U.S.C. § 2255.   *See Daniels v. U.S*., 532 U.S. 374, 383 (2001) ("To be sure, the text of § 2255 is broad enough to cover a claim that an enhanced federal sentence violates" the Constitution).

Regardless, it is established that when a successful challenge to a criminal conviction would necessarily imply the invalidity of the conviction or sentence, the plaintiff cannot bring a civil action without first invalidating the conviction or sentence through an authorized proceeding. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Harris v. Fulwood*, 611 Fed. App'x 1, 2 (D.C. Cir. 2015) (per curiam) (clarifying *Heck's* application to lawsuits for equitable relief).   Nothing suggests that Plaintiff's sentence has been invalidated by reversal on direct appeal, issuance of a writ of habeas corpus, or some other approved proceeding, *Heck*, 512 U.S. at 487, and his success here would raise serious questions about the validity of the sentence.   Therefore, Plaintiff's current claim is "not cognizable unless and until he meets the requirements of *Heck*."   *Harris*, 611 Fed. App'x  1 at 2.   A separate order of dismissal accompanies this Memorandum Opinion.


_____/s/_____
RUDOLPH CONTRERAS
Date: February 11, 2025          United States District Judge